UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PETTER INVESTMENTS, INC.

      Plaintiff,

v.                                      Case No. 1:07-CV-1033

HYDRO ENGINEERING, INC., and       HON. GORDON J. QUIST
HYDRO ENGINEERING
EQUIPMENT & SUPPLY CO.

      Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

Plaintiff (Petter) has filed a Motion for Leave to Amend Plaintiff's Prior Art Disclosures. (Docket no. 100.) Defendants (collectively, "Hydro") have filed a Motion for Leave to File Second Amended Answer and Counterclaims and Supplemental Disclosure of Prior Art. (Docket no. 95.) The Court will grant these motions upon a showing of good cause and lack of prejudice.

Hydro explains it was unable to file its Amended Answer and Counterclaims prior to the May 1, 2008 deadline because it learned of the basis for the amendment from its deposition of Petter in July, and from documents disclosed only two weeks prior to the deadline. The Court is satisfied that Hydro has demonstrated good cause for its failure to timely file its Amended Answer and Counterclaims.

Hydro also explains that it did not timely amend its prior art disclosures because it only discovered in mid-July the HE/1000 it sold to Union Pacific eleven years ago. Petter argues that Hydro knew of this from the beginning because it is Hydro's own product. Petter's contention is

apt. However, Hydro began manufacturing the HE/1000 thirteen years ago and stopped selling it in November 2000. Furthermore, Hydro offers as supplementary prior art, not its base HE/1000 model, but a specific configuration of that model it augmented with a wastewater collection pad. In light of the considerable passage of time and the fact that Hydro offers a single, customized configuration of the HE/1000, the Court is satisfied that Hydro has demonstrated good cause for its failure to timely amend its prior art disclosure.

Petter musters no reason for its delay in amending its prior art disclosure. Instead, it merely asserts that it "only recently discovered these additional references." Petter has not explained why a diligent search did not provide a timely revelation, and the Court knows of no justification.

Finally, Petter has not suggested it would be prejudiced by Hydro's amendments. The Court concludes it would not. For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Second Amended Answer and Counterclaims and Supplemental Disclosure of Prior Art (docket no. 95) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Plaintiff's Prior Art Disclosures (docket no. 100) is **DENIED**.

Dated: January 6, 2009               /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE