UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETTER INVESTMENTS, INC.

    Plaintiff,

v.                                                   Case No. 1:07-CV-1033

HYDRO ENGINEERING, INC., and         HON. GORDON J. QUIST
HYDRO ENGINEERING
EQUIPMENT & SUPPLY CO.

    Defendants.
_____/

## MEMORANDUM ORDER

Petter Investments, Inc. (Petter) sued Defendants Hydro Engineering, Inc., and Hydro Engineering Equipment and Supply Co., LLC (collectively, "Hydro") for infringing Petter's patent, U.S. Patent No. 6,021,792 (the "'792 Patent"). Hydro counterclaimed for infringement of its patents, U.S. Patent Nos. 6,799,591 and 7,258,749 (the "'591" and "'749" Patents, respectively). The Court has already dismissed Petter's claims against Hydro.

Petter has filed a Second Motion for Leave to Amend Prior Art Disclosures (docket no. 160), a Motion to Reopen Discovery for the Limited Purpose of Conducting Discovery Regarding the On-Sale Bar (docket no. 194), and a Motion to Extend the Date for Filing Dispositive Motions (docket no. 194). The Court recently denied Hydro's Motion to Strike (docket no. 221) Petter's Motion for Partial Summary Judgment of Invalidity (docket no. 209). The Court's July 9, 2009, Order denying this motion stated that "the parties are permitted to conduct discovery related to the Undisclosed Product and supporting evidence thereof." Petter subsequently issued third-party subpoenas. Hydro has filed a Motion for Protective Order Against Untimely Third-Party Subpoenas (docket no. 248). For the following reasons, Petter's motions are denied and Hydro's motion is granted.

Petter contends it should be permitted to amend its prior art disclosures because it "learned of three pieces of prior art from Hydro and its principals" during depositions of James McCormick, Alan McCormick, and Kerry Smith conducted just two weeks before it filed this motion. However, Petter has not demonstrated good cause as required by Fed. R. Civ. P. 16(b)(4). Petter deposed these three individuals in the fall of 2008. Had Petter inquired into the prior art more fully during its first depositions of those individuals, it could have discovered the information in a timely fashion.

Similarly, Petter has not established good cause to extend the dispositive motion deadline. Petter has not demonstrated that it was unable to meet the deadline despite its diligence. Furthermore, when Petter sought to change counsel at the eleventh hour, the court granted the request, conditioned in part upon Petter's certification that it would "[t]imely respond to summary judgment motions." Petter is not entitled to an extension simply because "there has been the opportunity for fresh eyes to take a look at the discovery that has occurred in this case."

Petter contends that its third-party subpoenas were reasonable and within the Court's Order (docket no. 243) permitting the parties to conduct discovery related to the Undisclosed Product. This Order was intended to ensure that Hydro had access to the information it needed to evaluate the Undisclosed Product and supporting evidence thereof, which Petter did not timely disclose as required by the Court. It was not intended to provide Petter a backdoor through which it could gain the additional discovery it sought in its Motion to Reopen Discovery (docket no. 194).

In a recent series of motions, Petter has argued for various extensions on the grounds that its new counsel regards as relevant certain facts which Petter's previous counsel apparently considered irrelevant. The undersigned is sufficiently experienced as counsel and judge to know that lawyers often look at matters somewhat differently - what is important, what isn't; should I ask that or not; etc. For better or worse, parties are stuck with their counsel. But counsel and parties

should not be allowed to offend Fed. R. Civ. P. 1's instruction that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In this case, Rule 16(b)(4) is quite explicit. Petter's new counsel's disagreement with strategic decisions made by Petter's previous counsel is not good cause to reopen discovery or extend various deadlines beyond the single exception.

Therefore,

**IT IS HEREBY ORDERED THAT** Petter's Second Motion to Amend its Prior Art Disclosure (docket no. 160) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Petter's Motion to Reopen Discovery and Motion to Extend the Date for Filing Dispositive Motions (docket no. 194) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Hydro's Motion for Protective Order Against Untimely Third-Party Subpoenas (docket no. 248) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Petter shall not serve the third-party subpoenas Hydro complains of.

**IT IS FURTHER ORDERED THAT** if Petter has already served those subpoenas, Petter shall provide written notice to those third parties that the subpoenas are withdrawn and no response or production is required.


Dated: July 21, 2009         /s/ Gordon J. Quist
                         GORDON J. QUIST
                    UNITED STATES DISTRICT JUDGE