UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PETTER INVESTMENTS, INC.

      Plaintiff,

v.                                                                       Case No. 1:07-CV-1033

HYDRO ENGINEERING, INC., and                     HON. GORDON J. QUIST
HYDRO ENGINEERING
EQUIPMENT & SUPPLY CO.

      Defendants.
_____/

## OPINION REGARDING ATTORNEYS' FEES MOTIONS

The following matters are currently pending before the Court concerning attorneys' fees: (1) Petter's motion for costs and attorneys' fees regarding Hydro's second motion for contempt; and (2) Petter's motion for *de novo* review of Magistrate Judge Brenneman's September 19, 2011, Order granting Hydro's motion for attorneys' fees and costs in part.  For the reasons set forth below, the Court will: (1) deny Petter's motion for fees in connection with Hydro's second motion for contempt; and (2) grant Petter's motion for *de novo* review but adopt Magistrate Judge Brenneman's recommendation regarding the amount of fees and costs to which Hydro is entitled.

### *Petter's Motion for Costs and Attorneys' Fees*

Petter's motion for fees and costs is based, in large part, on the Court's July 18, 2011, Opinion and Order denying Hydro's second motion for contempt.  In its July 18, 2011, Opinion, the Court concluded that: (1) Petter's redesigned wash pads were more than colorably different from the adjudged infringing wash pads, rendering the contempt proceeding inappropriate for determining whether the redesigned product infringes; and (2) the redesigned wash pads do not infringe because

they do not satisfy the impervious top limitation of the '591 and '749 patents. Petter filed the instant motion shortly after the Court denied Hydro's motion for contempt, arguing that it is entitled to an award of fees because Hydro had no reasonable basis to allege that Petter's redesigned wash pads infringe Hydro's patents. Subsequently, however, on September 19, 2011, the Court granted Hydro's motion for reconsideration and vacated that portion of its July 18, 2011, Opinion concluding that Petter's redesigned wash pads do not satisfy the impervious top limitation of Hydro's patents. Thereafter, in the 2011 case, No. 1:11-CV-207, after construing disputed claim terms, the Court concluded that Petter's redesigned wash pads meet the impervious top limitation and granted Hydro's motion for summary judgment of infringement with regard to Petter's Manasquan installation.

Given the Court's reconsideration of its July 18, 2011, Opinion in the instant case and its claim construction and grant of summary judgment to Hydro in the 2011 case, the Court finds no basis to award Petter fees and costs. Morever, Petter's motion fails for the simple reason that no statutory, contractual, or other provision authorizes such an award.[1]

### *Petter's Motion for De Novo Review*

On June 24, 2010, Hydro filed a motion for contempt and for discovery, in which it requested that the Court: (1) find Petter in contempt for violating the Permanent Injunction (dkt. # 345); (2) order Petter to comply with the Permanent Injunction by re-sending notice of the Permanent Injunction to its customers, as directed by the Permanent Injunction, and provide proof of such mailing; (3) order Petter to disgorge all profits it made from sales of the infringing wash pads and

---

[1] Although Petter cites Michigan case law regarding the factors a court should consider in making an award of fees, (Petter's Br. Supp. at 13-17), Petter cites no authority for an award in the first instance. *See Middle Mountain Land & Produce, Inc. v. Sound Commodities Inc.*, 307 F.2d 1220, 1225 (9th Cir. 2002) (noting that "the rule in American courts, commonly known as the American Rule, looks with disdain upon awarding attorneys' fees unless an independent basis exists for the award" (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257-59, 95 S. Ct. 1612, 1621-22 (1975))).

2

services resulting from Petter continuing to offer the infringing products for sale on its website and on the GSA Advantage website; (4) permit Hydro to obtain discovery from Petter relating to Petter's sales of "pervious" side trough wash pads; and (5) award Hydro its attorneys' fees and costs incurred in bringing the motion.  Although the motion was initially set for hearing before the Court, the Court subsequently referred it to United States Magistrate Judge Hugh Brenneman, Jr. for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  Neither party objected to the referral.

Magistrate Judge Brenneman held an evidentiary hearing on Hydro's motion on August 17, 2010.  Following the hearing, he issued an Order of Proceedings, which required Petter to take certain actions "in an attempt to resolve this matter without a contempt finding." (8/19/10 Order, dkt. # 366, at 1.)  The order also said that Hydro was entitled to some costs in bringing its contempt motion and directed the parties to attempt to agree on Hydro's costs, but indicated that Magistrate Judge Brenneman would address the issue if the parties could not agree on the amount.  (*Id.* at 2.)  Predictably, the parties could not agree.  Therefore, Hydro filed an application for costs and attorneys' fees on November 11, 2010.  Petter responded to Hydro's application on November 24, 2010.

On September 19, 2011, Magistrate Judge Brenneman issued an order granting Hydro's motion for attorneys' fees and costs in part.  (09/19/11 Order, dkt. # 436.)  Although Hydro sought a total of $43,612.02 in costs and attorneys' fees, Magistrate Judge Brenneman reduced the amount and awarded Hydro a total of $26,854.25 in fees and $6.90 in costs. (*Id.* at 9-10.)  He reduced the request on the grounds that the time spent on some of the various categories of work was excessive or duplicative and because Hydro failed to document the fees it incurred in attempting to negotiate a resolution with Petter.  (*Id.* at 8-9.)  He also denied Hydro $1,520.17 in costs for its lead counsel to travel from Utah to Grand Rapids for the contempt hearing, noting that Hydro's local counsel could have handled the contempt hearing alone.

3

Petter asks the Court to conduct a *de novo* review of Magistrate Judge Brenneman's order, arguing that he lacked authority under 28 U.S.C. § 636(b)(1)(A) to determine the amount of attorneys' fees and costs to which Hydro is entitled. Instead, Petter argues, Magistrate Judge Brenneman should have issued a report and recommendation, subject to this Court's *de novo* review. Hydro does not disagree that Magistrate Judge Brenneman lacked authority to determine the amount of fees and costs to which Hydro is entitled, (Hydro's Mem. in Opp'n at 5 (stating that pursuant to Fed. R. Civ. P. 54(d)(2)(D) a district court may refer a post-judgment motion for attorneys' fees to a magistrate judge under Rule 72(b) in the same manner as a dispositive pretrial matter)), and instead should have submitted proposed findings of fact and conclusions of law. Given the basis of the referral and the parties' failure to object, however, his issuance of an order is understandable.

Initially, the Court notes that it erred by referring Hydro's motion pursuant to 28 U.S.C. § 636(b)(1)(A). Section 636(b)(1)(A) authorizes a district judge to refer for determination any *pretrial* matter, except for the eight types of motions identified in that subparagraph. Subparagraph (B) authorizes a district judge to refer the *pretrial* motions "excepted in subparagraph (A)" to a magistrate judge for submission of "proposed findings of fact and recommendations for the disposition" of such motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Hydro's motion for contempt and discovery was not a pretrial matter, thus, § 636(b)(1) could not have provided authority for the referral. *See Homico Constr. & Dev. Co. v. Ti-Bert Sys, Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991) (noting that because the case had already been dismissed, a motion for Rule 11 sanctions "was not a 'pretrial matter' and, thus, could not have been properly referred to the magistrate under section 636(b)(1)(A)"). The referral would have been proper under § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not

4

inconsistent with the Constitution and laws of the United States." *See Callier v. Gray*, 167 F.3d 977, 962-63 (6th Cir. 1999) (holding that damages is not a pretrial matter that a magistrate judge may determine under § 636(b)(1)(A) but is a matter that may be referred under § 626(b)(3), subject to the district court's final decision); *Homico Constr. & Dev.*, 939 F.2d at 394 n.1 (assuming that a motion for Rule 11 sanctions was referred under § 636(b)(3); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, Nos. 03-cv-5311, 03-cv-4844, 2011 WL 65963, at *4 (N.D. Ill. Jan. 10, 2011) (observing that § 636(b)(3) is a "catch-all provision of the Federal Magistrate Act [that] allows a district court to refer post judgment proceedings to a magistrate judge" for a report and recommendation). Even had the Court referred the motion under § 636(b)(3), Magistrate Judge Brenneman would have been authorized only to issue a report and recommendation because the motion was dispositive. Fed. R. Civ. P. 72(b); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (holding that motions for sanctions, fees, and costs are dispositive); *Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 998 & 998 n.7 (6th Cir. 1992) (holding that motions for Rule 11 sanctions are dispositive and noting that "civil contempt sanctions are closely analogous to Rule 11 sanctions").[2] Although Magistrate Judge Brenneman's order is subject to *de novo* review, Hydro contends that Petter waived its right to *de novo* review by failing to file its motion for *de novo* review within fourteen days after service. Fed. R. Civ. P. 72(b)(1); W.D. Mich. LCivR 72.3(b). The Court agrees. Petter cites Rules 59(e) and 60(b)(6) as authority for its motion, but neither rule applies because the order, which should be considered a report and recommendation, is not a final order. *See United States v. Shalash*, 259 F. App'x 754, 760 (6th Cir. 2008). Because the order is properly considered a report and recommendation, the fourteen-day period in Rule 72(b) applies.

---

[2] Petter states that it is "not requesting review or reconsideration of the motion for contempt," (Petter's Br. at n.7), which the Court understands to mean Magistrate Judge Brenneman's Order of Proceedings.

A district court *may* review a report and recommendation *de novo* even where objections are late. *See, e.g., Smith v. Younger*, No. 98-5482, 1999 WL 623355, at *1 (6th Cir. Aug. 9, 1999). However, it is not obligated to address them. *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007) (stating that the district court "did address defendants' [untimely] principal objections to the report and recommendation even though it was under no obligation to do so"). Moreover, the United States Supreme Court has held that the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), does not mandate review under some lesser standard when a party has forfeited its right to *de novo* review by failing to file timely objections. *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S. Ct. 466, 472 (1985). Thus, a number of courts, including courts within this district, have held that a failure to file timely objections not only waives the right to *de novo* review, but dispenses with the need for the district court to conduct any review. *See Southall v. City of Grand Rapids*, No. 1:08-CV-890, 2008 WL 4739163, at *2 (W.D. Mich. Oct. 29, 2008); *Jones v. United States*, No. 04-40238, 2007 WL 2852339, at *1 (E.D. Mich. Sept. 28, 2007) (stating "Petitioner's objections are untimely filed . . . [a]ccordingly, the Court need not conduct a review of the Report and Recommendation under any standard").

In spite of Petter's late objections, the Court has conducted a *de novo* review of Magistrate Judge Brenneman's order and the parties' respective materials and concludes that the order should be adopted. Petter's primary contention is that Hydro's motion for contempt was, in large part, unnecessary because Petter had already done, or had offered to do, the things Hydro requested in its motion. Petter further asserts that the results Hydro obtained do not justify the amount of fees Magistrate Judge Brenneman found to be reasonable.

Although Magistrate Judge Brenneman did not find Petter in contempt, he recognized, as does the Court, that Petter's acts or inaction necessitated Hydro's contempt motion. Petter's lack of diligent efforts to remove the infringing product from the GSA website and its failure to properly

6

publish the Permanent Injunction to its customers are but two examples of Petter's conduct justifying the motion. The facts that Petter removed the infringing advertisement from the GSA website prior to the hearing and did not make any sales as a result of the infringing advertisement do not undercut Hydro's entitlement to fees. As Magistrate Judge Brenneman observed, Petter's attempts to "game the system," (docket no. 375 at 115), required Hydro to monitor Petter's compliance with the Preliminary Injunction, which in turn resulted in Hydro incurring attorneys' fees. Thus, Petter should not be surprised to learn that this Court concurs with Magistrate Judge Brenneman that an award of $26,854.25 in fees is reasonable. Accordingly, the Court declines Petter's invitation to reduce to the fee award to $2,500. The Court also rejects Hydro's request for the full amount of fees it sought in its application. The hours awarded for preparation of the contempt motion and supporting brief (24.3) and the reply brief (22.6) are reasonable, as is the disallowance of local counsel's hours for attending the contempt hearing as duplicative of lead counsel's hours. Finally, the magistrate judge properly reduced the hours for lack of documentation.

      Accordingly, the Court will award Hydro attorneys' fees in the amount of $26,854.25 and costs in the amount of $6.90. The Court will not award Hydro additional fees for responding to the instant motion.

      A separate order will issue.


Dated: February 13, 2012                                       /s/ Gordon J. Quist
                                                                   GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE